· JOSHUA TRASK *vs.* ANSEL WADSWORTH.

Lincoln. Opinion June 25, 1886.

*False imprisonment. Action against sheriff. Statute of limitations.*
*R. S., c. 81, § § 83, 84.*

An action against a sheriff for false imprisonment, by the act of a deputy,
must be brought within two years after the cause of action accrues.

ON EXCEPTIONS.

At the trial after the plaintiff's testimony was out, the court, on motion of the defendant, ordered a nonsuit. To this ruling the plaintiff alleged exceptions.

The opinion states the case and material facts.

*L. M. Staples,* for the plaintiff, contended that this action was maintainable under R. S., c. 81, § 83, which gives a four years' limitation.

This action is against the sheriff and it is for the misconduct of a deputy.

*William H. Fogler,* for the defendant, cited: 2 Addison, Torts, 700; 3 Wait's Actions and Defences, 313; 1 Chitty, Pl. 167; R. S., c. 81, § 84; *Sibley* v. *Estabrook,* 4 Gray, 295.

DANFORTH, J. This is an action against the sheriff of Waldo county for the alleged false imprisonment of the plaintiff, by the act of his deputy. The suit was commenced more than two years after the act complained of, and the defendant pleads the statute of limitations.

R. S., c. 81, § 83, provides that " actions against a sheriff for the negligence or misconduct of himself, or his deputies, shall be commenced within four years after the cause of action accrues." Section 84 of the same chapter provides that "actions for false imprisonment . . shall be commenced within two years after the cause of action accrues." The former section is general in its terms, the latter specific, and must, when applicable, be construed as an exception to the first; otherwise the two can not stand together. The present action comes distinctly and

clearly within the provisions of § 84. If it were directly against the deputy, there can be no doubt the two years' limitation would apply. The deputy is still the responsible party and he can not be made liable indirectly when he is not directly. The time in which the action would be barred can not be increased by this indirection in the remedy sought.

This same question, under a like statute, has been before the court in Massachusetts, and in a satisfactory opinion the same result has been reached. *Sibley* v. *Estabrook*, 4 Gray, 295.

*Exceptions overruled.*

PETERS, C. J., WALTON, EMERY, FOSTER and HASKELL, JJ., concurred.