Argued May 28, affirmed June 11, 1918.

# BARNES *v.* MASSACHUSETTS BONDING CO.

### (172 Pac. 95.)

**Statutes—Construction.**

1.   Effect must be given to all the terms of a general statute, and where general terms or expressions in one part are inconsistent with more specific or particular provisions elsewhere, the particular provisions will be given effect as clearer and more definite expressions of the legislative will.

> [As to rules of construction of statutes, see note in 12 Am. St. Rep. 826.]

**Limitations of Actions—Liability Created by Statute—Liability for Wrongful Levy—Statutes.**

2.   Under Sections 6, 7, L. O. L., providing that an action on a liability created by statute, other than a penalty or forfeiture, must be commenced within six years, and that an action against a sheriff, coroner or constable upon a liability incurred by the doing of an act in his official capacity, or by the omission of an official duty, including the nonpayment of money collected on execution, must be commenced within three years, where a sheriff, by virtue of an execution, levied on property of a stranger to the writ, rendering his surety liable to such stranger pursuant to Section 348, L. O. L., the latter was bound to bring her action against the sheriff and his surety within three years; the substance of the statute being that in general a statutory liability may be enforced within six years, but where the accountability of a sheriff, coroner or constable is involved, the action must be commenced within three years.

**Limitation of Actions—Bar of Action Against Principal as Affecting Surety.**

3.   In relation to the matter of limitations, the sheriff's surety occupied no worse position than his principal, and the action against him was likewise barred in three years.

From Marion: PERCY R. KELLY, Judge.

Department 1.

The defendant Esch was the sheriff of Marion County. The Massachusetts Bonding & Insurance Company was a surety on his official bond, which was conditioned, among other things, for him well and faithfully to perform the duties of the office. Equipped with an execution issued upon a judgment against L. S. Barnes in favor of A. B. Spencer, the sheriff

levied upon and sold some shares of stock which the plaintiff here claims as her own. Upon these facts she began an action against him and his surety to recover damages for the levy and sale. The court sustained a demurrer to the complaint and the plaintiff appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Grant Corby.*

For respondents there was a brief over the names of *Mr. Oscar Hayter* and *Mr. Woodson T. Slater,* with an oral argument by *Mr. Hayter.*

BURNETT, J.—The ground of demurrer relied upon in the argument before us was "that the said action was not commenced within the time limited by the Code of Civil Procedure of the State of Oregon, to wit, within the time limited by Section 7 of Lord's Oregon Laws." Under Section 348, L. O. L., the official undertaking of a public officer to the state or to any county is deemed a security to all persons severally for the official delinquencies against which it is intended to provide. Claiming the benefit of this section, the plaintiff has instituted her action and the question is whether she began it in time.

The sale complained of occurred September 16, 1913. It is conceded that the action was commenced more than three years and less than six years after that date. Prescribing the periods within which actions at law shall be commenced, Sections 6 and 7 of Lord's Oregon Laws, so far as applicable, read thus:

Section 6. "Within six years * * :
"2. An action upon a liability created by statute other than a penalty or forfeiture."
Section 7. "Within three years * * :

"1. An action against a sheriff, coroner or constable upon a liability incurred by the doing of an act in his official capacity and in virtue of his office; or by the omission of an official duty; including the nonpayment of money collected upon an execution. * * "

In the features here mentioned these provisions are part of a single statute, the act of October 11, 1862, to provide a Code of Civil Procedure.

1. The rule of construction of a statute is that effect must be given to all of its terms and—

"where general terms or expressions in one part of a statute are inconsistent with more specific or particular provisions in another part, the particular provisions will be given effect as clearer and more definite expressions of the legislative will": 36 Cyc. 1130.

The rule is thus stated in *Crane* v. *Reeder,* 22 Mich. 322, 334:

"Where there are two acts or provisions, one of which is special and particular, and certainly includes the matter in question, and the other general, which, if standing alone, would include the same matter and thus conflict with the special act or provision, the special must be taken as intended to constitute an exception to the general act or provision, especially when such general and special acts or provisions are contemporaneous, as the legislature is not to be presumed to have intended a conflict."

This precept is similarly enunciated in the following cases: *Stadler* v. *Helena,* 46 Mont. 128 (127 Pac. 454); *Long* v. *Culp,* 14 Kan. 412; *Stockett* v. *Bird's Admr.,* 18 Md. 484; *State ex rel. Prout* v. *Nolan,* 71 Neb. 136, (98 N. W. 657); *Bartlett* v. *Trenton,* 38 N. J. Law, 64; *Sanford* v. *King,* 19 S. D. 334 (103 N. W. 28); *State* v. *Moore,* 108 Md. 636 (71 Atl. 461); *Board of Park Commrs.* v. *Nashville,* 134 Tenn. 612 (185 S. W. 694).

·2, 3. It may be conceded that the act of the sheriff in levying upon property of a stranger to the writ by virtue of an execution in his hands constitutes a breach of his official bond and results in a liability created by statute for the execution of a writ in his hands is an act in his official capacity and in virtue of his office. If it were not for the provisions of Section 7, L. O. L., the action might well be brought within six years from the wrongful taking of the property. Speaking broadly of the facts mentioned in the complaint before us, they give rise to a liability created by statute and might come within the general provision of Section 6, defining a limitation of six years; but they are more particularly mentioned in the short limitation of three years laid down in Section 7.

The substance of this statute is that in general a statutory liability may be enforced within six years, but where the accountability of a sheriff, coroner or constable is involved, the action to enforce it must be commenced within three years. As stated in Section 7, L. O. L., it is beyond dispute that if the action had been commenced against the sheriff alone it must necessarily have been instituted within three years, otherwise he escapes the consequence of his wrong-doing. No cause of action would lie on the official undertaking unless there was a default of the principal, the sheriff. That the surety occupies no worse position than the principal is taught by *State* v. *Davis,* 42 Or. 34 (71 Pac. 68, 72 Pac. 317). In the part quoted, Section 7 relates only to sheriffs, coroners and constables, who are thus put into the purview of a special statute forming an exception to the general rule enunciated in the next preceding section relating to a liability created by statute.

*Howe* v. *Taylor,* 6 Or. 284, was a suit against a county clerk and his sureties to recover damages for delinquencies in the conduct of his office; *Multnomah County* v. *Kelly,* 37 Or. 1 (60 Pac. 202), distinguished the position of tax collector from that of sheriff and enforced the additional tax collector's bond within six years, as distinguished from the regular, official undertaking of the sheriff; and in *State* v. *Davis,* 42 Or. 34 (71 Pac. 68, 72 Pac. 317), the principal defendant was clerk of the board of school land commissioners. Although all three of these cases cited by the plaintiff speak of the liability as one created by statute within the scope of Section 6, yet in each instance the officer whose delinquency was involved was not one mentioned in Section 7.

Sheriffs, coroners and constables form a special class of officials embraced in the shorter limitation. The particular language of Section 7 takes the present case out of the more general terms of Section 6 and constitutes the governing rule of limitation in the present instance. The Circuit Court was right in sustaining the demurrer on the ground mentioned. The judgment is affirmed.                          AFFIRMED.

McBRIDE, C. J., and BENSON and HARRIS, JJ., concur.