ZAHN, Plaintiff and Appellant, v. TAYLOR, Defendant:
KRUSE and another, Defendants and Respondents.

*March 5—April 7, 1959.*

For the appellant there were briefs by *Charles B. Avery* of Antigo, attorney, and *Robert G. Hebert* of Tomahawk of counsel, and oral argument by *Mr. Hebert.*

For the respondents there was a brief by *Peickert, Anderson & Fisher,* attorneys, and *John E. Shannon, Jr.,* of counsel, and oral argument by *Hiram D. Anderson, Jr.,* all of Stevens Point.

DIETERICH, J.   The appellant-plaintiff is a carpenter living in Mattoon, Wisconsin.   On April 18, 1952, the respondent-defendant Kruse was the sheriff of Waupaca county, Hartford Accident & Indemnity Company was his bondsman, and the defendant Taylor was undersheriff.

The undersheriff, Taylor, placed the appellant under arrest on the morning of April 18, 1952, and escorted him to the county jail.   The exact events that occurred thereafter are in dispute but, since the conflict is not material to the issues raised by this appeal, the following is a summary of the allegations of the complaint.

The complaint alleges that upon arriving at the jail Undersheriff Taylor conducted the appellant to one of the cells and while appellant was standing at the threshold of the cell leaning with his right hand on the door jamb, the cell door was negligently slammed by the undersheriff, inflicting an injury to the appellant's right thumb which eventually required amputation.

The following notice of injury was served upon all respondents on April 17, 1954:

"You will please take notice:—That Victor E. Zahn, of Mattoon, Shawano county, Wisconsin, while he was a prisoner in the Waupaca county jail, Waupaca, Wisconsin, on the 18th day of April, 1952, at approximately 3:30 a. m. sustained serious, painful, disabling, and permanent personal injuries, all directly caused and naturally resulting from your

negligence in closing the cell door of the Waupaca county jail. Among other things your negligence consisted of slamming the jail-cell door on the right thumb of said Victor E. Zahn, without taking any precaution to see that said Victor E. Zahn had removed his hand from said cell-door casing.

"That when said door was slammed into place, it struck the thumb of Victor E. Zahn and jammed it between the casing and the iron door causing almost a complete severance of the right thumb of Victor E. Zahn. That because of said negligence the thumb of said Victor E. Zahn was severed below the first joint and the only connection between the right hand and the right thumb was a piece of skin. That said injury required the thumb to be amputated, although at the time of the injury the thumb was sewn back onto the hand. That gangrene set in and the thumb was amputated from the right hand. That the injury resulted in severe pain and suffering to said Victor E. Zahn. That he was unable to perform the usual duties and requirements of his occupation. That Mr. Zahn suffered the permanent loss of his right thumb.

"That said injury incurred necessary expenses for medical and surgical treatment, lost time, and transportation, all directly resulting from your negligence.

"For the foregoing injury and damages, the said Victor E. Zahn claims satisfaction from you in the amount of Five Thousand and no/100 Dollars, and for such other and further relief as is allowed by law in such cases."

Action was commenced against the respondents, Taylor, Kruse, and Hartford Accident & Indemnity Company.

The following stipulation was entered into between all the parties on the 30th day of October, 1957, upon which motion for summary judgment was made:

"1. That the alleged negligent act on the part of the defendant, Floyd M. Taylor, allegedly occurred at the Waupaca county jail on the 18th day of April, 1952.

"2. That on the 18th day of April, 1952, the defendant, August W. Kruse, was the duly elected and qualified sheriff of Waupaca county, and that on said date the defendant,

Floyd M. Taylor, was the duly appointed and acting under-sheriff of Waupaca county.

"3. That at the time of the alleged incident out of which this accident arose, the defendant, August W. Kruse, was not an active participant, and that any alleged liability of said August W. Kruse would arise vicariously by reason of the statutory responsibility of the sheriff for the acts of his undersheriff.

"4. That this action was commenced as against Sheriff August W. Kruse and the Hartford Accident & Indemnity Company, his surety, by service of a summons and complaint on the 30th day of July, 1957, and that no other action was commenced or is pending arising out of the incident which is the subject of this lawsuit other than this action.

"5. That the attached notice of claim was served upon both Floyd M. Taylor and the defendant, August W. Kruse, on the 17th day of April, 1954, the same having been served on each personally by the chief of police at Waupaca.

"6. That this stipulation as to facts is made for the purpose of supporting the motion of the defendants, Kruse and Hartford Accident & Indemnity Company, for summary judgment, based upon the statutes and limitations and in lieu of affidavits and counteraffidavits."

Sec. 330.20 (1), Stats. 1951, provides:

"WITHIN THREE YEARS. . . . An action against a sheriff, . . . upon a liability incurred by the doing of an act in his official capacity and in virtue of his office or by the omission of an official duty, including the nonpayment of money collected upon execution; but this subsection shall not apply to an action for an escape."

The trial court held that the three-year statute of limitation as to actions against sheriffs, sec. 330.20 (1), applied and granted motion for summary judgment in favor of the respondents Kruse and Hartford Accident & Indemnity Company.

We conclude that the legislature did not intend this section to apply to causes of actions for an injury to the person.

In *Pugnier v. Ramharter* (1957), 275 Wis. 70, 81 N. W. (2d) 38, this court stated on page 77:

"A statute of limitations should not be applied to cases not clearly within its provisions. It should not be extended by construction. 53 C. J. S., Limitations of Actions, p. 912, sec. 3 b. Statutes creating limitations are to be reasonably and fairly construed, but should not be extended by construction. *Fish v. Collins* (1916), 164 Wis. 457, 160 N. W. 163. Courts cannot engraft upon a general statute of limitations exceptions not clearly expressed therein. *Amy v. Watertown* (C. C. 1884), 22 Fed. 418, affirmed (1889), 130 U. S. 320, 9 Sup. Ct. 537, 32 L. Ed. 953."

See also *Kelleher v. Milwaukee & Northern R. Co.* (1891), 80 Wis. 584, 50 N. W. 942, and *Dishneau v. Newton* (1895), 91 Wis. 199, 64 N. W. 879.

The plaintiff's action is based upon common-law negligence to recover damages for injury to the person and is governed by the statute of limitations, sec. 330.19 (5), Stats. 1951.

Sec. 330.19 (5), Stats. 1951, provides:

"WITHIN SIX YEARS; . . . An action to recover damages for an injury . . . to the person, . . . not arising on contract, except in case where a different period is expressly prescribed. . . . no action to recover damages for injuries to the person, received without this state, shall be brought in any court in this state when such action shall be barred by any statute of limitations of actions of the state or country in which such injury was received unless the person so injured shall, at the time of such injury, have been a resident of this state. No action to recover damages for an injury to the person shall be maintained unless, within two years after the happening of the event causing such damages, notice in writing, signed by the party damaged, his agent or attorney, shall be served upon the person or corporation by whom it is claimed such damage was caused, . . . Such notice shall be given in the manner required for the service of summons in courts of record. No such notice shall be deemed insufficient or invalid solely because of any inaccuracy or failure therein stating the description of the

injuries, the manner in which they were received or the grounds on which the claim is made, provided it shall appear that there was no intention on the part of the person giving the notice to mislead the other party and that such party was not in fact misled thereby; . . ."

We also find that the notice meets the requirements of the statute and that the respondents were not misled by any omission and there was no intention on the part of the claimant to mislead them.

The judgment of the trial court granting summary judgment based upon the statute of limitations under sec. 330.20 (1), Stats., is reversed and cause remanded for further proceedings according to law.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings in accordance with this opinion.