**Lester M. ANDERSON, Plaintiff,**

v.

**FAIRCHILD HILLER CORPORATION, Defendant.**

Civ. No. A-10-73.

United States District Court, D. Alaska.

May 23, 1973.

Leroy J. Barker, of Robison, McCaskey, Strachan & Hoge, Anchorage, Alaska, for plaintiff.

Roger F. Holmes and John W. Sedwick, of Burr, Pease & Kurtz, Inc., Anchorage, Alaska, for defendant.

## MEMORANDUM AND ORDER

PLUMMER, Chief Judge.

This is an action to recover damages for personal injuries sustained by the plaintiff on July 17, 1969, when he came into contact with the tail rotor blade of a helicopter manufactured by defendant. According to the complaint, the plaintiff was in the employ of Frontier Rock and Sand, Inc.; the helicopter had been sold by defendant to Anchorage Helicopter, Inc.; and the helicopter was being piloted on the day of the accident by an employee of Alaska Helicopters, Inc. Plaintiff alleges that defendant's liability is predicated upon negligence, breach of implied warranty of merchantability, and strict liability.

The case comes before the court on defendant's motion for summary judgment. Defendant contends that the claims based upon negligence and strict liability are barred by the statute of limitations and that plaintiff has no claim based upon breach of warranty because he was not in privity of contract with defendant. Plaintiff contends, in opposition to the motion, that privity is not required for the enforcement of an implied warranty whose breach has caused personal injury and that claims based upon strict liability, like those for breach of warranty, should be governed by the four year statute of limitations of the Uniform Commercial Code.

There is no question but that the claim based upon negligence is barred by A.S. 09.10.070, Alaska's general two-year statute of limitations on most torts.[1] See Silverton v. Marler, 389 P.2d 3 (Alaska 1964), and Austin v. Fulton Insurance Company, 444 P.2d 536 (Alaska 1968). It is also clear that if plaintiff has a claim for breach of warranty it is timely under A.S. 45.05.242, the four-year statute of limitations for breaches of contracts covered by the Uniform Commercial Code,[2] even though the claim is for personal injuries. See Sinka v. Northern Commercial Company, 491 P.2d 116 (Alaska 1971). The issues presented by the present motion are twofold: (1) whether A.S. 09.10.070 bars the claim grounded in strict liability and (2) whether plaintiff's lack of privity of contract with defendant precludes his claim based upon breach of warranty.

In Haragan v. Union Oil Company, 312 F.Supp. 1392 (D.Alaska 1970), this court held that privity of contract is required to maintain an action for breach of express or implied warranty. (The court also held that the plaintiff, who was injured while employed by a company other than that which purchased the product, lacked privity of contract with the manufacturer. In this respect the case is identical to the case at bar.[3])

1. A.S. 09.10.070 provides in relevant part:
   "No person may bring an action . . . for any injury to the person or rights of another not arising on contract and not specifically provided otherwise . . . unless commenced within two years." The modifying phrase "of another" has apparently been construed to modify only "rights" and not "person," so that in effect the statute applies to actions "for any injury to the person (or rights of another not arising on contract) and not specifically provided otherwise (etc.)."

2. A.S. 45.05.242 provides in relevant part:
   "(a) An action for breach of a contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. (b) . . . A breach of warranty occurs when tender of delivery is made . . . ."

3. If plaintiff in this case had been an employee of the company which owned the helicopter, there is some authority which would support the view that he may maintain a warranty claim. E. g. Peterson v. Lamb Rubber Co., 54 Cal.2d 339, 5 Cal. Rptr. 863, 353 P.2d 575 (1960); see generally L. Frumer and M. Friedman, Products Liability para. 16.03(7).

The authorities both for and against this result were amply discussed in the court's opinion in *Haragan*, and it would serve no purpose to review them here.

▇ It is worth noting, however, that it is entirely reasonable as a matter of public policy to require privity of contract as a prerequisite to maintaining a warranty claim. First, no person injured by a product defect will thereby be denied a remedy under Alaska law. Sellers of defective products are strictly liable, without regard to warranties or disclaimers, for personal injuries proximately caused by the defect. Clary v. Fifth Avenue Chrysler Center, Inc., 454 P.2d 244 (Alaska 1969); Bachner v. Pearson, 479 P.2d 319 (Alaska 1970). The defect need not be unreasonably dangerous, Cronin v. J. B. E. Olson Corp., 8 Cal.3d 121, 104 Cal.Rptr. 433, 501 P.2d 1153 (1972), and it seems clear that the remedy in strict liability is available in every personal injury case involving a breach of implied warranty of merchantability. (Indeed, it is quite possible that a seller may be strictly liable even for defects which do not make the product unmerchantable.) Second, warranties of merchantability under the Uniform Commercial Code cover not only personal injuries but also losses of property and commercial profits. See A.S. 45.05.222. It is not inconsistent with public policy to enable a seller to ascertain with some precision his potential liability of this sort and to disclaim it or insure against it. The privity limitation helps enable the extent of such liability to be known in advance of the sale.

▇ Therefore the court holds that the absence of privity of contract between plaintiff and defendant prevents plaintiff from maintaining a claim for breach of warranty. The remaining issue, then, is whether the claim grounded in strict liability is barred by the statute of limitations. Defendant aligns strict liability with negligence and other tort claims which are barred in this case by the two-year statute, while plaintiff contends that strict liability should be treated like warranties and therefore subject to the four-year statute of the Uniform Commercial Code.

▇ The court holds that an action to enforce a strict liability must be brought within two years after it arose. Three considerations compel this result. First, A.S. 09.10.070 is a "residual" statute in that it governs all claims for injury to the person unless "specifically provided otherwise" in some other statute. There is no other statute specifically limiting the period for bringing strict liability claims.

▇ Second, A.S. 09.10.070 is generally considered by Alaska courts to be a "tort" statute. See Silverton v. Marler and Austin v. Fulton Insurance Company, *supra.* Although the genesis of strict liability lies in warranty theory, it is now clear that breach of warranty itself was originally considered a species of fraud or misrepresentation, sounding in tort. See Haragan v. Union Oil Company, *supra,* 312 F.Supp. at 1395. Even in its present form, strict liability is more nearly akin to tortious negligence than to contractual warranty, because no contract is required and because strict liability may not be disclaimed.[4]

Third, to require strict liability claims to be brought within two years is a reasonable interpretation of the public policy of Alaska. It is true that a single

4. In the leading case of Greenman v. Yuba Power Products, Inc., 59 Cal.2d 57, 27 Cal.Rptr. 697, 377 P.2d 897 (1962), Justice Traynor stated for the court: "Although in these (earlier) cases strict liability has usually been based on the theory of an express or implied warranty running from the manufacturer to the plaintiff, the abandonment of the requirement of a contract between them, the recogni-tion that the liability is not assumed by agreement but imposed by law . . ., and the refusal to permit the manufacturer to define the scope of its own responsibility for defective products . . . make clear that the liability is not one governed by the law of contract warranties but by the law of strict liability in tort." 27 Cal.Rptr. at 701, 377 P.2d at 901.

defect may cause some injuries for which claims must be brought within two years and other injuries for which claims may be brought within four years. It is even possible that both kinds of injuries may result simultaneously from a single mishap involving several persons. However, there are valid reasons for allowing a longer limitation period to plaintiffs who have contracted with the defendant (or who otherwise satisfy the privity requirement) than to those who have not. First, if a product is defective and causes injuries, the seller wants to knew about it as soon as possible in order to take appropriate steps to prevent further injuries and further liability. For example, he may recall the products which have already been sold, correct those which have been manufactured but not yet sold, and change the manufacturing process to eliminate the defect in the future. Thus, a longer limitation period is allowed to persons whose identity a seller knows or is able to discover through the privity limitation, whereas the shorter period is required of persons whose identity a seller has no way of knowing until a lawsuit is filed. Second, the four-year statute in the Uniform Commercial Code expressly allows the parties to reduce the period to not less than one year by original agreement.[5] (In fact, it may be assumed that if contractual modification had been disallowed the limitation period might have been made considerably shorter.) Because a seller has not had an opportunity to bargain for a shorter limitation period with persons who lack privity of contract with him, it would be inappropriate to give such persons the benefit of the same longer statute of limitations governing those persons who have bargained and contracted with the seller.

In summary, plaintiff's claims grounded upon negligence and strict liability are barred by the two-year statute of limitations in A.S. 09.10.070, and the claim based upon breach of implied warranty of merchantability may not be maintained because plaintiff lacks privity of contract with the defendant.

Accordingly, it is ordered that defendant's motion for summary judgment is granted. Counsel for defendant shall within twenty (20) days prepare, serve and submit an appropriate form of judgment for the court's consideration.