FAIRBANKS CORRECTIONAL CENTER INMATES, Victoria Middleton, Denise Middleton and Charlene Eads, Individually and on behalf of all other persons similarly situated, Appellants,

v.

Francis S. L. WILLIAMSON, Individually and in his capacity as Commissioner, Department of Health and Social Services, William Huston, Individually and in his capacity as Director of the Division of Corrections, Ted Corey, Individually and in his capacity as superintendent, Fairbanks Correctional Center, and the State of Alaska, Appellees.

No. 3726.

Supreme Court of Alaska.

Sept. 28, 1979.

---

Henry C. Remm, Jr., Fairbanks, and
Bruce C. Twomley, Anchorage, of Alaska
Legal Services Corp., for appellants.

Douglas K. Mertz, Asst. Atty. Gen., Fair-
banks, Avrum M. Gross, Atty. Gen., Juneau,
for appellees.

Before RABINOWITZ, C. J., and CON-
NOR, BOOCHEVER, BURKE and MAT-
THEWS, JJ.

OPINION

CONNOR, Justice.

The plaintiffs-appellants in this case, who are represented by Alaska Legal Services, are a class consisting of present and future female detainees and prisoners incarcerated in the Fairbanks Correctional Center (hereinafter F.C.C.). In a multi-count complaint, they challenged the conditions of their confinement as violative of the First, Fifth, Sixth, Eighth, and Fourteenth amendments to the United States Constitution, and Article I, §§ 1, 3, 5, 7, 11 and 12 of the Alaska Constitution; in contravention of the statutory prohibition against deprivation of their civil rights, set out in 42 U.S.C. § 1983, and contrary to the duties and obligations of state correctional officials required by AS 33.30.020 and AS 33.30.040.

Specifically, plaintiffs alleged that they were denied certain rights and privileges accorded to the male prison population including: equal and meaningful access to the law and the general libraries; equal opportunity for institutional jobs and trusteeships; equal educational and counselling opportunities; and equal gym and yard-out time. Plaintiffs also claimed that administrative segregation was imposed in an arbitrary and capricious manner and without due process of law.

Plaintiffs withdrew their motion for preliminary injunction without prejudice to renew after the parties entered into a stipulation wherein defendants, who are state corrections officials and the State of Alaska, admitted that conditions of incarceration "resulted in unequal access by plaintiffs to certain programs and facilities at [F.C.C.]." Defendants agreed to establish a separate law library for women, to transfer a large number of volumes from the general library to the women's activity room, to provide plaintiffs with at least seven hours a week of yard and gym time, to issue to each plaintiff an inmate's rule book, setting out the rules and potential punishment for violations, and to make available to plaintiffs' attorneys all records relating to the imposition of administrative segregation. An order was entered on July 12, 1976, incorpo-

rating the stipulation and mandating other changes in the operation of the F.C.C.

Attorneys for plaintiffs continued to monitor the conditions at the F.C.C. On September 7, 1976, they filed an ex parte motion for an order to show cause why the defendants should not be held in contempt for failure to comply with the court's July 12 order. This was resolved by a second stipulation, embodied in the court's order of September 20, 1976, which provided, *inter alia*, certification of the class and an award of attorneys' fees to plaintiffs in the amount of $350. It is undisputed that plaintiffs have not yet been paid.

On December 23, 1976, plaintiffs filed a second order to show cause for defendants' failure to comply with the court orders of July 12, and September 20. On January 7, 1977, the defendants were held in contempt and ordered to deposit with the clerk of the court ten dollars per day, per defendant, retroactive to December 27, 1976, until they had purged themselves by complying with the previous orders.

Defendants, having filed their answers to the complaint on December 29, 1976, moved for partial summary judgment on January 31, 1977. By letter dated February 3, 1977, defendants informed the court that no further payments would be made because the contempt had been purged. Over opposition from plaintiffs, partial summary judgment was granted on March 21, 1977, dismissing the case with prejudice, and requiring each side to bear its own costs and attorney's fees. Defendants' proposed findings of fact and conclusions of law and a judgment and order were lodged with the court, and served on the plaintiffs, on March 29, 1977, but not signed by the court until September 16, 1977.[1] On September 26, 1977, plaintiffs filed a motion for recon-

sideration of that part of the decision pertaining to costs and attorney's fees. This motion was denied on three grounds, which we will consider *seriatim*. Plaintiffs appeal from both the denial of the motion for reconsideration and the final judgment. We reverse.

■ First, we find that the trial court erred in holding that the motion was untimely. Alaska Rule of Civil Procedure 77(m) states in pertinent part: "A motion to reconsider the decision may be made within 10 days of the date that the decision has been *entered* . . . ." (Emphasis added). In the case of final judgments, we have held that the *entry* of judgment occurs only when the judgment is noted by the clerk on the civil docket. *Vogt v. Winbauer*, 376 P.2d 1007, 1009 (Alaska 1962); see Alaska R.Civ.P. 58. This eliminates uncertainties regarding the proper time for filing an appeal, much as the requirement of Alaska Rule of Civil Procedure 58 that judgments must be set forth "on a separate document" eliminates uncertainties as to what is in fact a judgment.[2] The motion for reconsideration was from the final judgment which was entered on the civil docket on September 16, 1977. Therefore, the motion was timely.

■ Second, in denying the motion for reconsideration, the court below relied upon the superior court decision in *Gregory v. Sauser* (Alaska 1977), *reversed and remanded*, 574 P.2d 445 (Alaska 1978), which held that Alaska Legal Services is "not a party entitled to costs or attorneys fees." In reversing that decision, we held, and we reaffirm today, that the fact that plaintiffs were not liable for their attorney's fees is irrelevant to an award of fees otherwise proper under Alaska Rule of Civil Proce-

1. Following the date of judgment, the words "Nunc Pro Tunc to April 11, 1977" were appended above the signature of the trial judge.

2. The Advisory Committee Notes to the identical federal rule explains that this requirement was adopted to eliminate "uncertainties by requiring that there be a judgment set out on a separate document—distinct from any opinion or memorandum . . . ." Advisory Comm.

Notes to 1968 Amendment of Federal Rule of Civil Procedure 58, 31 F.R.D. at 650. The separate document requirement should be regarded as mandatory, 11 Wright & Miller, Federal Practice & Procedure §§ 2781, 2785 (1973), unless neither party objects. *See Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978).

dure 82. Furthermore, federally funded legal services corporations are entitled to an award of attorney's fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, in the same manner as private counsel. *Mid-Hudson Legal Services, Inc. v. G & U, Inc.*, 578 F.2d 34 (2d Cir. 1978); *Regaldo v. Johnson*, 79 F.R.D. 447 (E.D.Ill.1978). *See also Ferdinand v. City of Fairbanks*, 599 P.2d 122 (Alaska, 1979).

■ Appellees contend that the federal Fees Award Act, which permits recovery of attorney's fees in proceedings to vindicate civil rights under Title 42 U.S.C. § 1983,[3] is not applicable here because "The sole mention of [§ 1983] is in parenthesis in the title of the complaint; but it is missing from the body of the complaint, though all other relevant statutes are specifically pleaded." This technical objection will not stand to prevent recovery of fees under the federal act in this case. Combining the broad purposes of 42 U.S.C. § 1983—to provide a cause of action upon allegations of facts constituting deprivation under color of state authority of federal constitutional rights[4] with the liberal pleading provisions of Alaska Rule of Civil Procedure 8[5]—we think that the complaint did state a cause of action under § 1983.

■ The third and final ground for denial of the motion for reconsideration was the court's finding that "neither side really prevailed overall. . . . Plaintiffs did achieve some reforms but they also clearly lost or abandoned many of their allega-tions." As we said recently in *Tobeluk v. Lind*, 589 P.2d 873 (Alaska 1979), the trial court retains discretion to refrain from characterizing either party as "prevailing" for purposes of awarding attorney's fees under Alaska Rule of Civil Procedure 82. However, where, as here, an award of fees is sought under the Civil Rights Attorney's Fees Awards Act of 1976, the trial court's discretion in determining whether a party has prevailed is "narrowly limited to insure the effectiveness of the underlying cause of action." 589 P.2d at 879 (citations omitted). Here the defendants conceded error on those portions of the complaint relating to unequal access to the law library, to the general library and to recreational facilities. Plaintiffs clearly were the prevailing parties as to these issues. Of course, in setting a fee award, the court need not grant fees for the litigation of those claims as to which plaintiffs were unsuccessful.

■ We remand for a determination as to the amount of attorney's fees which the plaintiff should receive. This determination must be made under federal guidelines, as we have noted in *Tobeluk v. Lind*.[6] Consistent with our opinion in *Ferdinand v. City of Fairbanks, supra*, at 126 the court should articulate the method which it employs in setting any fee award.

Attorney's fees will be awarded to appellants for prosecuting this appeal pursuant to Appellate Rule 29(d) upon issuance of the mandate.

REVERSED AND REMANDED.

> Our preference is for nontechnical pleadings which are only required to state a claim for relief with brevity and clarity. All that is required of a complaint under Civil Rule 8(a) is that the pleading disclose adequate "information from which a court could conclude . . . [that] a valid claim was alleged 'showing that the pleader is entitled to relief . . . .' " *Civil Rule 8(e)(1) mandates sim-ple, concise and direct averments, and subsection 8(f) requires that a liberal construc-tion be accorded pleadings in order to achieve substantial justice.* [footnotes omitted.]

---

3. 42 U.S.C. § 1983 states:

   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

4. *Monroe v. Pape*, 365 U.S. 167, 171, 81 S.Ct. 473, 475, 5 L.Ed.2d 492, 496 (1961).

5. In *Schaible v. Fairbanks Medical and Surgical Clinic, Inc.*, 531 P.2d 1252, 1256 (Alaska 1975), we said:

6. The relevant factors to be taken into consideration are summarized in *Tobeluk*, 589 P.2d at 879–80.