Edward C. JENKINS, Appellant,

v.

Donald DANIELS, Larry Aaron, Michael Cargill and John Does I, II and III, Appellees.

No. S–1291.

Supreme Court of Alaska.

March 4, 1988.

C.R. Kennelly, Kennelly, Azar & Donohue, P.C., Anchorage, for appellant.

James M. Bendell, James M. Bendell & Associates, Anchorage, for appellees.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

COMPTON, Justice.

The principal issue in this case is whether Alaska's two-year tort statute of limitations or three-year statute of limitations for actions against peace officers applies to Jenkins' suit against three Anchorage police officers. Although inartfully plead, Jenkins' complaint can be read to state three separate theories for relief. These are abuse of process, false arrest (imprisonment) and a violation of civil rights under 42 U.S.C. § 1983. The superior court dismissed Jenkins' complaint without opinion, apparently on the ground that his suit was barred by the two-year tort statute of limitations. We affirm in part and reverse in part.

## I. FACTS AND PROCEEDINGS

Prior to April 1982, Jenkins complained to the police department about its officers parking their cars improperly while impounding the cars of other persons who parked in the same manner.[1] Jenkins alleged that as a result of his complaints police officers harassed him. To this end, Jenkins further claims that on April 14, 1982 police officers entered his property under the pretext of investigating a possible robbery and searching for two suspects, knowing that the two suspects were not on Jenkins' property. After gaining entry in this manner the officers arrested Jenkins for driving while intoxicated and resisting a police officer. His conviction was affirmed by the court of appeals on October 12, 1983.

On April 12, 1984, Jenkins filed an action in the superior court alleging that the police officers used excessive force and were negligent in effecting the April 14, 1982 arrest, and that they were improperly trained. As of the date of the briefing in this appeal, no judgment on the merits had been entered in that proceeding.

On April 15, 1985, Jenkins filed the present action against the same three police officers named in his other suit. Paragraph II of the complaint sets forth the principal element of the tort of false arrest: that the police officers acted without justification in arresting Jenkins.[2] Paragraphs III and IV of the complaint allege that the officers violated Jenkins' civil rights as a citizen of the United States and Alaska in making the arrest without probable cause. Finally, the gravamen of the complaint is that the police officers used their investigatory powers improperly by conducting a pretextual search and retaliatory arrest. Such allegations form the basis for the tort of abuse of process.[3]

---

1. This case arises from a motion to dismiss which Alaska Rule of Civil Procedure 12(b) permits the court to treat as a motion for summary judgment. *See* 2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 12.10 at 12–87 (2d ed. 1986). In reviewing the granting of a motion for summary judgment, this court will draw all reasonable inferences in favor of the non-moving party. *Swenson Trucking & Excavating Inc. v. Truckweld Equip. Co.*, 604 P.2d 1113, 1116 (Alaska 1980). In addition, "[w]ell pleaded allegations of the complaint are deemed admitted...." *Linck v. Barokas & Martin,* 667 P.2d 171, 173 (Alaska 1983) (quoting *Dworkin v. First*

*Nat'l. Bank of Fairbanks,* 444 P.2d 777 (Alaska 1968)).

2. Although Jenkins does not use the term "false arrest" or "false imprisonment" in the complaint, both parties characterize the cause of action as false arrest in their briefs and memoranda.

3. The essence of the tort of abuse of process is "misusing, or misapplying process justified in itself for an end other than that which it was designed to accomplish." W. Keeton, D. Dobbs, R. Keeton and D. Owen, *Prosser and Keeton on*

The officers moved to dismiss Jenkins' complaint on the grounds that the "claim is barred by the statute of limitations AS 09.10.070." The superior court granted the officers' motion to dismiss with prejudice. Jenkins timely appeals.

## II. DISCUSSION

■ A ruling on the appropriate statute of limitations is a question of law. *Edwards v. Teamsters Local Union No. 36*, 719 F.2d 1036, 1039 (9th Cir.1983), *cert. denied*, 465 U.S. 1102, 104 S.Ct. 1599, 80 L.Ed.2d 130 (1984). Questions of law are reviewable *de novo*. *Peters v. Juneau–Douglas Girl Scout Council*, 519 P.2d 826, 834 (Alaska 1974).

The officers' motion to dismiss Jenkins' complaint was based upon their contention that Jenkins' action was barred by the two-year statute of limitations found in AS 09.10.070, which provides:

*Actions to be brought in two years.* No person may bring an action (1) for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not specifically provided otherwise; (2) upon a statute for a forfeiture or penalty to the state; or (3) upon a liability created by statute, other than a penalty or forfeiture; unless commenced within two years.

This section governs most "tort" actions.[4] *Russell v. Municipality of Anchorage*, 743 P.2d 372, 374 n. 8 (Alaska 1987); *see also Silverton v. Marler*, 389 P.2d 3, 4 (Alaska 1964); *Anderson v. Fairchild Hiller Corp.*, 358 F.Supp. 976, 978 (D.Alaska 1973) (citing *Austin v. Fulton*

*Insurance Co.*, 444 P.2d 536, 538 (Alaska 1968)). Further, it is a "residual" statute which governs all claims for injury to the person unless "specifically provided otherwise" in some other statute. *Anderson*, 358 F.Supp. at 978.

Jenkins' cause of action accrued upon his arrest on April 14, 1982. *See Gowin v. Altmiller*, 455 F.Supp. 743, 747 (D.Idaho 1978), *aff'd*, 633 F.2d 820 (9th Cir.1981) ("cause of action for abuse of process accrues from termination of acts which constitute the abuse complained of"). He filed his action three years later, on April 15, 1985.[5] If the two-year tort statute of limitations governs Jenkins' cause of action, then the superior court was correct in dismissing his suit.

Jenkins argues that his cause of action is governed by the three-year statute of limitations provided in AS 09.10.060(a), which provides:

*Actions to be brought in three years.* (a) No person may bring an action against a peace officer or coroner upon a liability incurred by the doing of an act in an official capacity or by the omission of an official duty, including the nonpayment of money collected upon an execution, unless brought within three years. This section does not apply to an action for an escape.

Jenkins contends that AS 09.10.070's two-year period of limitation cannot be applicable because it expressly states that it is not applicable where another statute "specifically provide[s] otherwise," and that AS 09.10.060(a) provides otherwise and therefore is applicable by its own terms

---

the Law of Torts § 121, at 897 (5th ed. 1984). Abuse of process is not to be confused with the related tort of malicious prosecution. The critical elements of malicious prosecution are (1) malice, (2) want of probable cause, and (3) termination of proceeding in favor of the plaintiff. *Hazen v. Municipality of Anchorage*, 718 P.2d 456, 461 (Alaska 1986).

4. The most significant torts which are not covered by this section are those involving tangible injury to personal property and trespass. AS 09.10.050; *Kodiak Elec. Ass'n v. DeLaval Turbine, Inc.*, 694 P.2d 150, 154–56 (Alaska 1984), *reh'g denied*, 696 P.2d 665 (Alaska 1985).

5. Jenkins filed his complaint on the last possible day. AS 01.10.080 provides that in calculating the time for a statute of limitations, the first day is excluded and the last day is included, unless the last day is a holiday, in which case it is also excluded. In *David v. Sturm, Ruger & Co.*, 557 P.2d 1133, 1135 (Alaska 1976), we held that for purposes of AS 01.10.080, weekends are holidays. Jenkins filed his complaint on Monday, April 15, 1985. His action would have been barred on Sunday, April 14, 1985 (assuming a three-year statute of limitations), but *David v. Sturm, Ruger & Co.* provides that his filing on the following Monday was timely.

("action against a peace officer"). If Jenkins is correct, then his action should not have been dismissed.

In discussing these two statutes we first note "that while the defense of the statute of limitations is a legitimate one, it is not generally favored by the courts." *Safeco Ins. Co. v. Honeywell,* 639 P.2d 996, 1001 (Alaska 1981).[6] Although there is no case law construing AS 09.10.060, we conclude that its language is unambiguous and clearly applies to Jenkins' action for abuse of process and false arrest (imprisonment). We also conclude that AS 09.10.070 applies to, and thus bars, Jenkins' action for an alleged civil rights violation.

### A. *Abuse of Process*

The elements of the tort of abuse of process are, "first, an ulterior purpose, and second, a willful act in the use of the process not proper in the regular conduct of the proceeding." W. Keeton, D. Dobbs, R. Keeton and D. Owen, *Prosser and Keeton on the Law of Torts* § 121, at 898 (5th ed. 1984). *Cf. J & L Diversified Enter. v. Municipality of Anchorage,* 736 P.2d 349, 351 n. 3 (Alaska 1987) (although this court has not previously stated the elements of an abuse of process claim, the court cited with approval §§ 120–21 of *Prosser and Keeton* ). For example, in *Hoppe v. Klapperich,* 224 Minn. 224, 28 N.W.2d 780, 784 (1947) the plaintiff alleged that the warrant leading to her arrest was procured "knowingly, wrongfully, maliciously and without probable cause." The court found that plaintiff's allegations that defendants attempted to intentionally and maliciously intimidate her into surrendering certain documents by arresting and confining her, supported a claim for abuse of process. Similarly, Jenkins alleges that the police entered his property without justification, arrested him without probable cause and acted with malice. These allegations can

be fairly read to state a claim for abuse of process.[7] *See Linck v. Barokas & Martin,* 667 P.2d 171, 173 (Alaska 1983) ("[i]f, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient"). *See also* Restatement (Second) Torts § 136 comment d (1977) (abuse of privilege to arrest has same affect as an abuse of process).

There is no allegation that the police officers were not acting in their official capacity when they arrested Jenkins. Thus the action is one "against a peace officer ... upon a liability incurred by the doing of an act in an official capacity...." AS 09.-10.060(a). Since AS 09.10.060(a) specifically provides that a three-year limitation period applies in cases such as this, the "residual" two-year statute is inapplicable. AS 09.10.070; *Anderson,* 358 F.Supp. at 978.

We also find persuasive the reasoning of *Barnes v. Massachusetts Bonding & Ins. Co.,* 89 Or. 141, 172 P. 95 (1918). In that case the plaintiff sued a sheriff for wrongfully levying upon her property. *Id.,* 172 P. at 95. The court was faced with the question whether to apply a six-year statute of limitations for actions on a liability created by statute, or a three-year statute virtually identical to AS 09.10.060(a). Relying on the rule that a more specific statute governs over an otherwise applicable general statute, the court found:

It may be conceded that the act of the sheriff in levying upon property of a stranger to the writ by virtue of an execution in his hands constitutes a breach of his official bond and results in a liability created by statute for the execution of a writ in his hands is an act in his official capacity and in virtue of his office. If it were not for the provisions of section 7 [of the statute], the action might well be brought within six years from the wrongful taking of the property. Speaking

---

6. Indeed, as Chief Justice Matthews recently observed: "Where two constructions as to the limitations period are possible, the courts prefer the one which gives the longer period in which to prosecute the action." *Carman v. Prudential Ins. Co.,* 748 P.2d 743 (Alaska 1987) (Matthews,

C.J. dissenting), *citing Safeco Ins. Co. v. Honeywell,* 639 P.2d at 1001.

7. We do not pass on the merits of the abuse of process or false arrest (imprisonment) claims, only that they are sufficiently pled to survive a motion for dismissal under Civil Rule 12(b)(6).

broadly of the facts mentioned in the complaint before us, they give rise to a liability created by statute and might come within the general provisions of section 6, defining a limitation of six years, but they are more particularly mentioned in the short limitation of three years laid down in section 7.

The substance of this statute is that in general a statutory liability may be enforced within six years, *but where the accountability of a sheriff, coroner, or constable is involved the action to enforce it must be commenced within three years.*

*Id.*, 172 P. at 96 (emphasis added).[8]

Here, the two-year limitations period of AS 09.10.070(1) applies to "libel, slander, assault, battery, seduction, [and] false imprisonment" as well as generally to tort actions unless "specifically provided otherwise." We conclude that when an action is brought against a police officer or coroner acting in his or her official capacity, the three-year statute of limitations applies, because it is "specifically provided [for] otherwise," subject only to the escape exception contained in AS 09.10.060(a). *See* AS 09.10.080 (escape actions must be brought within one year). Abuse of process, when asserted against a peace officer or coroner, is a claim to which the three-year limitations period thus applies.

### B.  *False Arrest (Imprisonment)*

In contrast to abuse of process, false imprisonment is listed in AS 09.10.070(1). Jenkins argues that this is an action for false arrest. "False arrest and false imprisonment are not separate torts. A false arrest is one way to commit false imprisonment; since an arrest involves restraint, it always involves imprisonment." *City of Nome v. Ailak*, 570 P.2d 162, 168 (Alaska 1977) (citation omitted). In *Hazen v. Mu-*

*nicipality of Anchorage*, 718 P.2d 456 (Alaska 1986) we stated: "The elements of a claim for false arrest are: (1) a restraint upon plaintiff's freedom (2) without proper legal authority." *Id.* at 461 (citing W. Prosser, *Law of Torts* § 11 (4th ed. 1971)).

By alleging that the police arrested him and apparently confined him without justification or probable cause, Jenkins has sufficiently pled a claim for false arrest (imprisonment). Because his action is against police officers acting in their official capacity, however, his claim is not barred by AS 09.10.070(1)'s two-year period of limitations. Rather, it falls squarely within the "specifically provided [for] otherwise" exception of AS 09.10.070(1). AS 09.10.060(a) specifically provides otherwise for actions brought "against ... peace officer[s] ... upon a liability incurred by the doing of an act in an official capacity." Thus any possible distinctions between false imprisonment and false arrest are irrelevant for the purpose of determining the applicable statute of limitations. Jenkins' cause of action for false arrest (imprisonment) falls under the three-year limitations period of AS 09.10.060(a), and is not barred by the two-year statute of limitations.

### C.  *42 U.S.C. § 1983*

Finally, Jenkins alleges that he "was arrested and charged without proper cause and due process in violation of [his] civil rights ..." as both a citizen of the United States and of Alaska. Although Jenkins does not proceed directly under 42 U.S.C. § 1983, applicability of that statute was argued below. *See Fairbanks Correctional Center Inmates v. Williamson*, 600 P.2d 743 (Alaska 1979) (although the sole mention of § 1983 was in parenthesis in the title of the complaint, that does not bar plaintiffs from stating a cause of action

---

**8.**  *See also Allen v. Fidelity & Deposit Co. of Maryland*, 515 F.Supp. 1185 (D.S.C.1981), *aff'd mem.*, 694 F.2d 716 (4th Cir.1982) (mother's civil rights action for fatal wounding of her son by sheriff, fell within South Carolina's three-year limitations for actions against sheriffs upon a liability incurred doing an act in his official capacity); *Brown v. United States*, 342

F.Supp. 987 (E.D.Ark.1972) (common law claim of negligence against sheriff and jailer for injuries sustained from fellow inmates, barred by Arkansas' statute of limitations applicable to actions against sheriffs on account of official acts), *aff'd in pertinent part*, 486 F.2d 284 (8th Cir.1973).

under § 1983). To the extent that Jenkins has a claim under § 1983 we find *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) controlling.

In *Wilson* the Supreme Court relied primarily on its interpretation of 42 U.S.C. § 1988, which directs that state law be borrowed to fill any gaps necessary to enforce § 1983. After recognizing the diverse categories of claims that may be brought under § 1983 (from First Amendment violations to deliberate indifference to medical needs of prisoners), the court concluded that § 1988 should be construed "as a directive to select, in each state, the *one* most appropriate statute of limitations for all § 1983 claims." 471 U.S. at 275, 105 S.Ct. at 1947, 85 L.Ed.2d at 266 (emphasis added). In *Wilson* the court concluded that Congress would not have characterized § 1983 actions as analogous to state remedies for wrongs committed by public officials, rather, each state should adopt its personal injury statute of limitations. 471 U.S. at 279, 105 S.Ct. at 1948, 85 L.Ed.2d at 268. We are bound by that decision.

█ The applicable personal injury statute of limitations in Alaska is AS 09.10.070. *Russell v. Municipality of Anchorage*, 743 P.2d 372, 374 n. 8 (Alaska 1987). *See also DeNardo v. Murphy*, 781 F.2d 1345, 1347 (9th Cir.), *cert. denied*, 476 U.S. 1111, 106 S.Ct. 1962, 90 L.Ed.2d 648 (1986) (court held that a state employee's civil rights suit for wrongful discharge was barred under AS 09.10.070).[9] We conclude that Jenkins' claim under § 1983 is barred by AS 09.10.-070(1)'s two-year limitation period.

## III. CONCLUSION

The abuse of process and false arrest (imprisonment) claims fall within the plain meaning of AS 09.10.060(a), thus they are not time barred. The § 1983 claim is time barred because AS 09.10.070(1) is the appli-

cable statute of limitations for all § 1983 claims in Alaska, and *Wilson* requires us to use this two-year statute.

We, therefore, REVERSE in part and REMAND the case to the superior court for further proceedings consistent with this opinion.

MATTHEWS, J., dissents.

MATTHEWS, Justice, dissenting.

The question in this case is which of two statutes of limitations—AS 09.10.060(a), the three-year peace officer statute, or AS 09.10.070, the two-year tort statute—applies to the tort aspect of this suit against certain police officers. If one of the statutes did not exist, the other one would govern. Taken alone the language of each statute is applicable; doubt is introduced only by the existence of the other statute.[1]

In this, as in all cases involving the meaning of statutes, "our primary guide is the language used, *construed in light of the purpose of the enactment.*" *Commercial Fisheries Entry Comm'n v. Apokedak*, 680 P.2d 486, 489–90 (Alaska 1984) (emphasis added). We have emphasized the importance of the purpose of a statute in determining its meaning numerous times. *E.g., Anchorage Municipal Employees Ass'n v. Municipality of Anchorage*, 618 P.2d 575, 580 (Alaska 1980) ("[W]e will not construe a statutory provision in a manner which is inconsistent with the express objective of that very legislation."); *J & L Diversified Enterprises, Inc. v. Municipality of Anchorage*, 736 P.2d 349, 351 (Alaska 1987); *Wien Air Alaska v. Arant*, 592 P.2d 352 (Alaska 1979); *Hotel, Motel, Restaurant Constr. Camp Employees & Bartenders Union Local 879 v. Thomas*, 551 P.2d 942 (Alaska 1976).

---

**9.** In *DeNardo* the Ninth Circuit did not have to decide whether to apply *Wilson* retroactively because it found AS 09.10.070 applicable before and after *Wilson*. The court reasoned that under *Wilson* the two-year personal injury statute, AS 09.10.070(1), was applicable. Alternatively, the court found that prior to *Wilson* AS 09.10.-070(3), a two-year statute of limitations governing actions founded on a liability created by statute was applicable.

**1.** I thus accept the the view that the peace officer statute applies to torts involving personal injuries. At least one court construing a similar statute has held that it does not. *Zahn v. Taylor*, 7 Wis.2d 60, 95 N.W.2d 771 (1959).

In light of our continuous insistence on the importance of legislative purpose in determining the meaning of statutes, the failure of today's opinion to mention the purpose of the special statute pertaining to actions against peace officers is a major failing. It cannot be excused merely by saying, as the opinion does at page 7, that the language of the peace officer statute is unambiguous. Lack of ambiguity is no excuse for not consulting the purpose of a statute. *City of Homer v. Gangl,* 650 P.2d 396, 400 n. 4 (Alaska 1982); *State v. Alex,* 646 P.2d 203, 208–09 n. 4 (Alaska 1982); *State, Dep't of Natural Resources v. City of Haines,* 627 P.2d 1047, 1049 n. 6 (Alaska 1981); *North Slope Borough v. Sohio Petroleum Corp.,* 585 P.2d 534, 540 n. 7 (Alaska 1978). These authorities recognize that ambiguity is a relative concept, and that statutes may be seen to be ambiguous when legislative history is consulted. *State, Dep't of Natural Resources v. City of Haines, supra.* Moreover, the source of uncertainty in this case is not that the language of .060 is unclear, rather it is that both .060 and .070(b) plausibly apply different periods of limitations to the same claim. Further, the majority's failure to refer to the purpose of section .060 cannot be excused by reference to the statement taken from *Safeco Ins. Co. v. Honeywell,* 639 P.2d 996, 1001 (Alaska 1981) that where two constructions as to the applicable period of limitations are possible, that which gives the longer period is to be preferred. That principle of construction necessarily stands on a lower footing than the principle that statutes are construed to accomplish their purposes.[2]

Under today's opinion an action against a police officer for abuse of process, false arrest, or any other tort involving personal injury may be brought within three years after the tort. By contrast an action for the same tort brought against a private person or the police officer's employer must be brought within two years. This disparity must strike the interested observer as unusual. Why, he might ask, would the legislature want to discriminate against policemen by making their exposure to liability one year longer than that applicable to others? The answer is that the legislature did not desire this result. It is in direct conflict with the purpose of section .060, which was to shorten the period during which police could be sued.

The three-year statute relating to peace officers and the two-year statute relating to actions for false imprisonment and other personal injury torts were enacted for Alaska by Congress in 1900. Neither has been changed in any respect material to the present question by either the Alaska Territorial Legislature or the Alaska State Legislature. Congress took the statutes from Oregon which in turn took them from New York.[3]

New York's peace officer statute was enacted in 1829. *See Dixon v. Seymour,* 62 A.D.2d 444, 405 N.Y.S.2d 320, 321 (1978). Its purpose was to benefit peace officers and their sureties by providing a period of limitations shorter than those which would generally apply:

> [E]nforcement of the state's orders requires that its officers be protected from excessive harassment so that they will not be paralyzed by fear in discharge of their functions; the enactment of such legislation as the short statute—the equivalent of which is found in many jurisdictions—was doubtless inspired by a policy of that sort.

*Ingo v. Koch,* 127 F.2d 667, 671 (2nd Cir. 1942). The court in *Dixon,* notes that the 1829 statute shortening the period for suits against sheriffs to three years was, according to the report of the revisors to the legislature in 1829, "proposed in order to relieve the sureties of sheriffs." *Dixon,* 405 N.Y.S.2d at 321. Similar statutes exist in many jurisdictions. Their purpose is also to benefit law enforcement officers by shortening the period in which they can be

---

2. Just as in contract interpretation the intention of the parties has primacy over the rule of construction that ambiguities are interpreted against the draftsman. *See* Restatement (Second) of Contracts § 206 comment (a), 202, 203.

3. *See* F. Brown, *The Sources of the Alaska and Oregon Codes,* 2 UCLA Alaska Law Review 15, 86 (1972–73).

sued. *Bailey v. Clausen*, 192 Colo. 297, 557 P.2d 1207, 1210 (1976); *Sibley v. Estabrook*, 4 Gray 295 (Mass.1855).

The three-year statute of limitations for suits against sheriffs was shorter than general periods of limitations prevailing in 1829 in New York. Likewise, when the New York statute was adopted by the state of Oregon, the general statute of limitations pertaining to "injury to the person or rights of another, not arising on contract and not hereinafter enumerated ..." was six years.[4] However, in 1870 the Oregon legislature took this clause out of the six-year statute and placed it in the two-year statute.[5] Thus the general personal injury statute of limitations became shorter than the peace officer statute of limitations. This relationship was incorporated in the statutes governing Alaska when Congress enacted Oregon's laws for Alaska.[6]

In New York, because the three-year peace officer statute was shortened to one year in 1871, the peace officer statute is still shorter than the periods of limitations to which police officers would otherwise be subject. Thus, in New York, the statute is referred to as "the short statute," *Ingo*, 127 F.2d at 671, and the focus of the litigation concerning the statute is on the question as to under what circumstances a policeman can take advantage of the statute.[7] There are no reported decisions in Oregon or Alaska concerning whether the peace officer statute or the general personal injury statute governs personal injury suits against the police. However, this question was adjudicated in Massachusetts where there was a similar statutory situation.

The case is *Sibley v. Estabrook*, 4 Gray 295 (Mass.1855). Section 2 of the statute of limitations provided for a two-year period for actions for assault and battery and false imprisonment. Section 3 provided for a four-year period for actions against sheriffs for the misconduct or negligence of their deputies. The case was an action against a sheriff for an assault and false imprisonment committed by the sheriff's deputy. The court referred to the contention that the statute relating to actions against sheriffs controlled the statute relating to assaults and false imprisonment:

> It is contended by the plaintiff that the special provision of the statute, limiting all actions against the sheriff, for the misconduct of his deputies, to four years, controls the general provision limiting actions for assault and false imprisonment to two years. The argument that by this construction you secure a uniform rule of limitation applicable to all actions against the sheriff for the misconduct of his deputies, is certainly a plausible one.

4 Gray at 296. However, the court held that this contention was contrary to the purposes of both sections:

> But we think that must yield to the greater and leading purpose of § 2, that of requiring an early institution of a suit for an assault and battery, or false imprisonment. The object of § 3 was to benefit the sheriff in the matter of his official responsibility for the default of his deputies, by limiting his liability to a shorter period than it would otherwise have been. For many causes of action, six years was the period of limitation. ... This was deemed an unreasonable period for a liability of this nature, and hence § 3 limits the extreme period of such liability of sheriffs to four years.

*Dixon v. Seymour*, 405 N.Y.S.2d at 323 (sheriff may have the benefit of the short statute when sued for violating his duties which are imposed on him by reason of his office, but not when violating duties imposed on the public at large; thus, a deputy sheriff who caused death through negligent driving of a patrol car while on duty would not have the benefit of the short statute because he was merely violating "the duty of reasonable care assumed by everyone who operates an automobile on the highway.").

---

4. Oregon Code of Civil Procedure § 6, ¶ 5 (1862).

5. Oregon Laws—Olson 1920 § 8(1). The 1870 amendment is explained in *Smith v. Day*, 39 Or. 531, 64 P. 812, 813 (1901).

6. *See* sections 7 and 8, Alaska Civil Code, ch. 786, 56 Cong. Session 1, 1900.

7. *See e.g., Ingo v. Koch* (the sheriff may have benefit of short statute when acting in good faith although unlawfully, but not while acting with knowledge that his act was unauthorized);

This was to have its effect upon all cases of liabilities that would otherwise have been continued to a period more remote. But we cannot suppose it was intended to extend the term of limitation in cases where it was by other provisions already limited to two years.

4 Gray at 296–97. *Sibley v. Estabrook* was followed in a similar case arising under a similar statutory structure in *Trask v. Wadsworth,* 78 Me. 336, 5 A. 182 (1886).

The approach of the court in *Sibley* is faithful to the purpose of the peace officer statute. I would follow it in this case. Thus, when police officers are sued for acts where a longer statute of limitations would otherwise apply,[8] the three year statute would apply to shorten this period. However, when police officers are sued for acts whose statutes already provide a shorter period of limitations than three years, the shorter period would apply. Only in this way can the statutory purpose of providing a short period of limitations to benefit the police be realized. Further, this interpretation is faithful to the legislative purpose of providing a relatively short period, two years, for most personal injury torts.

For these reasons I would affirm the judgment.

8. Property damage torts, for example. AS 09.- 10.050.