**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RODNEY R. RHODES, | No. 13-35314 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-00207-SLG |
| v. | |
| TREAVER MILLER; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted July 22, 2014[**]

Before:    GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Former Alaska state prisoner Rodney R. Rhodes appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging, among other things, unlawful arrest and unlawful search and seizure, and related state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissal of an action as barred by the applicable statute of limitations. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1005 (9th Cir. 2011). We affirm.

The district court properly dismissed Rhodes' federal constitutional and state law claims arising from his allegedly unlawful arrest and an allegedly unlawful search and seizure because Rhodes filed his complaint more than two years after these claims accrued. *See* Alaska Stat. § 09.10.070 (a)-(b) (two-year statute of limitations for personal injury claims and actions against police officers); *Knox v. Davis*, 260 F.3d 1009, 1012-13 (9th Cir. 2001) (for § 1983 claims, federal courts apply the forum state's personal injury statute of limitations; a § 1983 claim accrues when the plaintiff knows or has reason to know of the injury that forms the basis of the action); *Sengupta v. Univ. of Alaska*, 21 P.3d 1240, 1249 (Alaska 2001) ("A personal injury claim accrues when a party knows or should know that he has a claim, ordinarily the date the alleged injury occurs."); *Jenkins v. Daniels*, 751 P.2d 19, 21-23 (Alaska 1988) (the statute of limitations for unlawful arrest accrues on the date of the arrest).

Moreover, Rhodes failed to show that equitable tolling applied. *See Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007) (for § 1983 claims, courts apply the forum's state law regarding equitable tolling); *Kaiser v.*

*Umialik Ins.*, 108 P.3d 876, 882 (Alaska 2005) (declining to apply equitable tolling to pro se litigant due to incarceration).

The district court did not abuse its discretion in denying Rhodes leave to amend his federal constitutional and state law claims arising out of his allegedly unlawful arrest and an allegedly unlawful search and seizure because amendment would have been futile. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (setting forth standard of review and stating that a "district court does not err in denying leave to amend where the amendment would be futile").

Rhodes' motion for attorney's fees is denied without prejudice. *See* Fed. R. App. P. 39; 9th Cir. R. 39-1.6.

**AFFIRMED**.

13-35314