STATE of Alaska, Petitioner,

v.

Millie L. JENNINGS et al., Respondents.

CITY OF FAIRBANKS, Petitioner,

v.

NORDALE HOTEL, INC., et al., Respondents.

Nos. 2322, 2423.

Supreme Court of Alaska.

Oct. 1, 1976.

J. Robin Hunt and Howard P. Staley, of Merdes, Schaible, Staley & DeLisio, Fairbanks, for petitioner, State of Alaska.

Charles W. Hagans, of Hagans, Smith & Brown, Anchorage, for petitioner, City of Fairbanks.

F. Jay Hodges, Fairbanks, for Jennings, Langton, Thorpe & McGown.

Kenneth R. Lamb of Robison, McCaskey, Reynolds, Frankel & Lekisch, Anchorage, for R. Shake, Cameron, Douglas, W. Shake, Simpson and Sherwood.

Patrick T. Brown, of Rice, Hoppner & Hedland, Fairbanks, and Robert Reynolds of Reynolds & Tobey, Anchorage, for respondents, Nordale Hotel, Inc.

## OPINION

Before RABINOWITZ, C. J., and CONNOR, ERWIN, BOOCHEVER and BURKE, JJ.

BURKE, Justice.

These petitions for review present issues closely related to those decided today in our opinion in *Adams v. State*.[1] On February 22, 1972, the Nordale Hotel in Fairbanks was totally consumed by fire, killing 11 people, and injuring others. The survivors and the personal representatives of those killed sued the State of Alaska and the City of Fairbanks (as well as the Nordale Hotel) for negligent failure to correct known fire hazards. The state moved for summary judgment, and the city moved for judgment on the pleadings. When the trial court denied both motions, the state and the city petitioned for review. We granted review because of the similarity of the issues to those before us in *Adams v. State*.

### I

■ We shall discuss first the state's petition. In reviewing the denial of a motion for summary judgment, we must determine whether there is a genuine issue of material fact and whether the moving party is entitled to judgment on the law applicable to the established facts.[2] As in *Adams*, there is no genuine issue of fact here; the only issue to be resolved is one of law: whether the state can be held responsible in tort for the deaths and injuries resulting from the Nordale Hotel fire.

The state's involvement in the saga of the Nordale Hotel was quite different from its involvement with the Gold Rush Hotel, discussed in *Adams*. It is undisputed that the Nordale Hotel, an older building, contained serious fire hazards, including inadequate fire escapes; obsolete fire extinguishers; substandard alarm system and exit signs; improper storage of combustibles; and unsafe construction, including sawdust insulation. The state knew of these hazards and did not abate them either directly or through the hotel.

■ However, the state had not undertaken to inspect the Nordale Hotel and eliminate the fire hazards therein as it had in the case of the Gold Rush Hotel. Therefore, the common law duty which we found the state had assumed in *Adams* cannot be established here. Instead, the state fire marshal's office, in accordance with its policy, had deferred to the City of Fairbanks' fire prevention agency for the purposes of fire prevention and inspection within the city limits of Fairbanks. Thus, the state fire marshal referred complaints about the Nordale Hotel to the city fire marshal for action; the city conducted inspection and initiated enforcement. Therefore, any liability of the state must rest on one of two theories: either the state is absolutely liable for permitting any violation of the fire code to continue unabated, or the state is liable indirectly through the city. We reject the first. As to the second, we do not find the kind of principal-agent relationship between the state and the city in these circumstances which would justify holding the state vicariously liable for the city's negligence. AS 18.70.090 provides in part:

> The Department of Public Safety and the chief of each city fire department and their authorized representatives in their respective areas may enforce the rules and regulations adopted by the Department of Public Safety for the prevention of fire or for the protection of life and property against fire or panic. . . .

The language of the statute would indicate that the fire chief in each city can enforce state fire standards independently of any delegation by the State Fire Marshal's Of-

---

1. 555 P.2d 235 (Alaska 1976).

2. *Braund, Inc. v. White*, 486 P.2d 50, 53 (Alaska 1971). *See also Nizinski v. Golden Valley Electric Ass'n, Inc.*, 509 P.2d 280, 283 (Alaska 1973), in which this court pointed out that for summary judgment motions, "[i]nferences of fact from the proffered proofs are drawn in favor of the party opposing the motion and against the movant."

fice. The City of Fairbanks developed its own fire protection and enforcement program, not subject to state control,[3] and proceeded to enforce, in some manner, the state fire standards. The state deferred to the city; in the case of the Nordale Hotel, the city specifically asserted that it would be responsible for enforcement. Under these circumstances, the state cannot be held liable for the city's negligence. Therefore, the motion for summary judgment in favor of the state was improperly denied.

## II

▇▇▇ The city moved for judgment on the pleadings. In reviewing such a motion, all well-pleaded material allegations of the non-moving party must be accepted as true.[4] Those allegations are that the city made systematic inspections of the Nordale Hotel, commencing in 1953; that as a result of the inspections, the city sent numerous requests via letter and in person to agents, employees and owners of the Nordale Hotel requesting that they bring the structure into compliance with the safety codes, building codes, and fire codes, all of which the Nordale refused to do; that the agents and employees of the city were negligent in allowing the Nordale Hotel to operate in violation of the laws and were further negligent in failing to condemn the hotel; and that as a direct and proximate result of the negligence of the city, plaintiffs have suffered deaths and injuries. We agree with the trial court that these allegations are sufficient to state a cause of action against the city. All the criteria for liability set forth in *Adams* apply to the city here. It undertook to inspect the Nordale Hotel, and in that inspection discovered recognized fire hazards. It had a duty to take action with regard to those hazards, and that duty ran to the plaintiffs or their decedents, occupants of the Nordale.[5] The

city does not enjoy even the limited protection afforded the state by AS 09.50.250. We held in *City of Fairbanks v. Schaible*, 375 P.2d 201 (Alaska 1962), that there was no municipal immunity in Alaska. The denial of the city's motion for judgment on the pleadings was proper.

REVERSED IN PART, AFFIRMED IN PART, AND REMANDED FOR TRIAL.

CONNOR, Justice (dissenting).

For the reasons stated in my dissent in *Adams v. State*, 555 P.2d 235 (Alaska 1976) I dissent from the imposition of possible liability upon the City of Fairbanks.

---

3. Home Rule is constitutionally recognized in Alaska; Art. X, Alaska Constitution. *See* Sharp, *Home Rule in Alaska, A Clash Between the Constitution and the Court*, 3 UCLA-Alaska L.R. 1 (1973).

4. 2A J. Moore. Federal Practice § 12.15 at 2343 (2d Ed.1975).

5. Whether the city's action or inaction constituted negligence is, of course, a question to be resolved at trial.