**J & L DIVERSIFIED ENTERPRISES, INC., Appellant,**

v.

**MUNICIPALITY OF ANCHORAGE, Tony Knowles and Chip Dennerlein, Appellees.**

No. S–1188.

Supreme Court of Alaska.

May 1, 1987.

Robert A. Breeze, Robert A. Breeze & Assoc., Anchorage, for appellant.

Donald W. Edwards, Deputy Mun. Atty., and Jerry Wertzbaugher, Mun. Atty., Anchorage, for appellees.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MOORE, Justice.

Appellant J & L Diversified Enterprises, Inc. (J & L) challenges the dismissal of its complaint alleging abuse of process against appellees Municipality of Anchorage and two of its employees. J & L's complaint is based upon the Municipality's decision to delay issuance of a plat approval. We hold that AS 09.65.070(d)(3) immunizes appellees from a suit for damages resulting from such delay. Therefore, we affirm.

## I.

J & L is a land developer. In 1982, J & L obtained an option to purchase and develop for residential use a parcel of land in Anchorage. J & L applied for and received approval of a subdivision plat from the Anchorage Platting Board. After the plat application was approved, the Municipality appealed the Platting Board's decision. The Municipality maintains that it took its appeal because the Platting Board's findings and conclusions were unsupported by evidence. J & L contends that the Municipality brought its appeal "solely to coerce J & L into accepting a new plat with different terms and conditions than that approved by the Platting Board."

Approximately one month after J & L's subdivision plat was approved and shortly after the Municipality appealed that approval, J & L returned to the Platting Board requesting approval of a substitute plat. This substitute plat apparently resulted from negotiations between J & L and the Municipality. The substitute plat application was subsequently tabled by the Platting Board.

J & L asserts that the decision to appeal approval of the initial plat and to attempt to negotiate a mutually acceptable substitute plat delayed development of the parcel. Eventually, J & L had to relinquish its purchase and development rights on the parcel. J & L subsequently filed this action in the superior court naming the Municipality, its mayor, and another municipal employee as defendants.

J & L alleged that municipal officials knew that it faced financing deadlines and that increased development costs would result from any substantial delay. J & L further alleged that it was forced to abandon its development plans because of Anchorage's dilatory tactics and that this abandonment resulted in monetary damages. J & L sought to recover over $250,000 in development costs, an unspecified amount for lost profits, and $1,000,000 in punitive damages. The trial court dismissed J & L's complaint pursuant to Alaska R.Civ.P. 12(b)(6), on the ground that AS 09.65.070(d)(3) granted immunity to Anchorage and its employees.

J & L appeals, arguing that the trial court erred in dismissing the complaint because AS 09.65.070 does not grant immuni-

ty for actions arising from alleged abuse of civil proceedings.[1]

## II.

The trial court dismissed J & L's action for failure to state a claim for relief, Alaska R.Civ.P. 12(b)(6), based on the affirmative defense of statutory immunity. We have previously held that a complaint can be dismissed under Rule 12(b)(6) if an affirmative defense clearly appears on the face of the complaint. *Martin v. Mears*, 602 P.2d 421, 428 (Alaska 1979); *Nizinski v. Currington*, 517 P.2d 754, 755 n. 6 (Alaska 1974). The face of J & L's complaint makes clear that defendants are a municipality and its employees, and that the claim is one for damages based upon the defendants' appeal of the Platting Board decision. Therefore, the complaint was properly dismissed pursuant to Rule 12(b)(6) if we find that the claim is among those barred by statute.

## III.

■ We have not previously been called upon to construe AS 09.65.070(d)(3).[2] Our starting point for interpretation of a statute is the language of the statute construed in light of the purpose of its enactment. *Commercial Fisheries Entry Comm'n v. Apokedak*, 680 P.2d 486, 489–90 (Alaska 1984). The statute reads:

(d) No action for damages may be brought against a municipality or any of its agents, officers or employees if the claim ...

.  .  .  .  .

(3) is based upon the grant, issuance, refusal, suspension, delay or denial of a license, permit, appeal, approval, exception, variance or other entitlement, or a rezoning.

J & L's complaint seeks damages and is based upon the delay in approval of its plat. The plain language of the statute appears to preclude the action.

■ J & L contends that its complaint is not based upon the delay in approval itself, but is based upon wrongful use or abuse of the zoning appeal process.[3] J & L asserts that the Municipality's appeal was "improper, spurious and entered into only for coercive purposes, and was, in fact and in law, without basis" and that defendants acted "contrary to law and with animus toward Plaintiff. ..." We will accept as true all well-pleaded material allegations of a non-moving party in our review of a dismissal on the pleadings. *State v. Jennings*, 555 P.2d 248, 251 (Alaska 1976).

At common law, municipalities were generally held immune from liability for malicious institution of suit, although not without exception. *See generally* 18 E. McQuillen, *Municipal Corporations* § 53.62 at 383–84 (3d ed. 1984) and cases cited therein. In Alaska, however, municipal tort liability is determined by statute. AS 09.65.-070; *see Wilson v. Municipality of Anchorage*, 669 P.2d 569, 571 (Alaska 1983).

J & L argues that the statutory scheme of AS 09.65.070 generally imposes liability on municipalities with limited exceptions provided in AS 09.65.070(d). These exceptions, it urges, should be narrowly construed. Thus, because the statute does not expressly except municipalities from liability for abuse of process or wrongful use of civil proceedings, a complaint which alleges

1. J & L also contends Anchorage does not have standing to appeal a decision of its Platting Board. We find that Anchorage does have standing to appeal a decision of its Platting Board pursuant to Anchorage Municipal Code § 21.30.020(A)(2), which provides that decisions in planning and zoning matters can be appealed by "any governmental agency or unit."

2. In *Wilcox v. Fairbanks North Star Borough*, 603 P.2d 903, 905 n. 2 (Alaska 1979), we suggested that AS 09.65.070(d)(3) could bar an action for damages arising out of the Borough's denial of permits. However, the action had been brought before the statute became effective. Therefore, the statute was not at issue in that case.

3. We impliedly recognized an action for wrongful use of civil proceedings in *Eidelson v. Archer*, 645 P.2d 171, 173 (Alaska 1982). We have not previously stated the elements of either wrongful use of civil proceedings or abuse of process (or their cousin, malicious prosecution). For the majority view on these actions, *see* P. Keeton, *Prosser and Keeton on Torts*, §§ 120, 121 (5th ed. 1984).

such causes of action should not be barred. J & L observes that, in contrast with municipal immunity, the legislature expressly immunized the state from liability for abuse of process and malicious prosecution. AS 09.50.250(3).

We do not agree that AS 09.65.070(d)(3) can be so narrowly construed that an allegation of abuse of process will remove an otherwise barred action from its operation. The purpose of the statute is to protect the public treasury by barring actions seeking money damages for injuries alleged to be the result of municipal licensing, permitting, entitlement and zoning procedures and decisions.

The statute was part of an enactment expanding municipal immunity in 1977 in response to several decisions of this court holding cities liable in hotel fires based on their fire inspection programs. *See* Municipality of Anchorage, A Case for Limited Municipal Tort Immunity in Alaska 2-3, SB 249, 10th Leg., 1st Sess. (1977) (citing *Adams v. State*, 555 P.2d 235 (Alaska 1976), and *State v. Jennings* [cited as *City of Fairbanks v. Nordale Hotel, Inc.*], 555 P.2d 248 (Alaska 1976)). An explanation of the bill provided to the legislature by attorneys for seven Alaskan cities, including Anchorage and Juneau, stated: "The threat of suit *for damages* should not play any part in the decision of a municipal official or body to issue, deny, or suspend a permit or privilege of any nature.... This section would not limit the applicant's or permittee's right to go to court to force the issuance, grant, etc., if it is one to which the person is entitled." Explanation of HB 354 and SB 249 Relating to Suits Against Local Governments 3-4, SB 249, 10th Leg., 1st Sess (1977) (emphasis added).

The statute thus immunizes municipalities and their employees from actions for damages which are based upon municipal permitting, licensing, entitlement and zoning procedures. However, a party threatened with damage from such procedures may sue for injunctive or declaratory relief pursuant to AS 09.65.070(d)(1).[4] This result protects the individual's right to relief from a wrongful decision while protecting public funds and preventing the possibility that the threat of a lawsuit may influence a municipal decision.

There is nothing unusual about immunizing governmental bodies from even bad faith acts. Malice or bad faith is an element of a number of torts from which AS 09.50.250(3) immunizes the state.[5] The federal government is similarly immunized by 28 U.S.C. § 2680(h) (1982).

Similarly, courts hold prosecutors absolutely immune for acts "intimately associated with the judicial phase of the criminal process." *Taylor v. Kavanagh*, 640 F.2d 450, 452 (2d Cir.1981). Thus, an accused person has no tort remedy against a prosecutor, even if the prosecutor uses false evidence, suborns perjury or coerces witnesses, *id.*, despite 42 U.S.C. § 1983 (1982) which holds "every person" answerable for the violation of another's civil rights. *Imbler v. Pachtman*, 424 U.S. 409, 417, 96 S.Ct. 984, 988, 47 L.Ed.2d 128, 136 (1976).

In short, the operative fact of J & L's complaint is the decision to delay approval of its plat. The statute does not distinguish between actions based upon whether the complaint alleged a negligent, intentional, or malicious act, because such distinctions are irrelevant to its purpose. The action alleged here is "based upon" the delay of an approval.

Decisions on land use frequently involve parties with large financial stakes in the outcome. An unfavorable decision could mean that such a party would lose its preliminary investment in a project (which may be substantial) and its potential profit from the project (which may be enormous). Alaska Statute 09.65.070(d)(3) ensures that municipalities can make land use (and other

---

**4.** Furthermore, we note that AS 09.65.070(d)(3) would not immunize municipal officials from criminal prosecution if their "bad faith" amounted to accepting bribes or other illegal acts.

**5.** *E.g.*, malicious prosecution, abuse of process, libel, slander, misrepresentation, and deceit. AS 09.50.250(3). *See* P. Keeton, Prosser and Keeton on Torts (5th ed. 1984) for elements of these causes of action.

permitting) decisions without the risk of being liable for these losses. It also ensures that municipalities need not incur significant legal expense to defend against developers' suits, but can have such suits promptly dismissed. Unlike, for example, the conditional privilege to publish defamatory statements in the public interest, this statutory immunity is not lost through abuse. *Cf. Urethane Specialities, Inc. v. City of Valdez*, 620 P.2d 683, 689 (Alaska 1980) (common law privilege to speak out in public interest protects city from defamation action by "fly-by-night" business). The legislature could, and did, shield municipalities absolutely from financial liability for permitting, licensing and zoning decisions even if made in bad faith. A party injured by such a bad faith decision may seek his remedy in a suit for injunctive or declaratory relief pursuant to AS 09.65.-070(a).[6]

We conclude that AS 09.65.070(d)(3) provides an absolute shield from financial liability for delay in approval of a subdivision plat, regardless of possible bad faith acts by a municipality or its employees. Therefore, we agree with the superior court that this action must be dismissed pursuant to Alaska R.Civ.P. 12(b)(6).

AFFIRMED.

---

6. We need not decide whether Anchorage is also immune under AS 09.65.070(d)(2), which provides for discretionary function immunity.