Rose RYBACHEK, Appellant,

v.

Larry SUTTON, Appellee.

No. S-2427.

Supreme Court of Alaska.

July 1, 1988.

Rose Rybachek, North Pole, pro se.

Woody Brooks, Aschenbrenner & Brooks, Fairbanks, for appellee.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

PER CURIAM.

Rose Rybachek writes a biweekly column for the Fairbanks Daily News–Miner in which she expresses her opinion on various mining and natural resources issues. In her November 4, 1986 column, Rybachek reviewed and strongly criticized a speech made by Stewart Udall at the University of Alaska.

In response to the column criticizing the Udall speech, Larry Sutton wrote a letter to the editor which was published in the Fairbanks Daily News–Miner. In that letter, Sutton voiced his disagreement with Rybachek's opinion as expressed in her column. However, the letter also included the factual assertion that "[t]he Environmental Protection Agency is currently conducting proceedings against Ms. Rybachek for water quality violations," and a corresponding reference to Rybachek as a "flagrant violator."

On April 7, 1987, Rybachek filed a complaint in superior court against Sutton, claiming that Sutton defamed her in his letter to the editor. The superior court granted summary judgment in favor of Sutton. Rybachek appeals.

### I. PUBLIC FIGURE STATUS

We give *de novo* review to grants of summary judgment by the superior court. *See State v. Jennings,* 555 P.2d 248, 250 (Alaska 1976). According to Civil Rule 56(c), summary judgment is proper only if "there is no genuine issue as to any materi-

al fact and ... the moving party is entitled to judgment as a matter of law." [1]

Before recovering damages for libel, a public figure or public official must prove that the statement was false and that the false statement was made with "actual malice." *Moffatt v. Brown,* 751 P.2d 939, 941 (Alaska 1988) (citing *New York Times Co. v. Sullivan,* 376 U.S. 254, 279–80, 84 S.Ct. 710, 725–26, 11 L.Ed.2d 686, 706 (1964) and *Curtis Publishing Co. v. Butts,* 388 U.S. 130, 155, 87 S.Ct. 1975, 1991, 18 L.Ed.2d 1094, 1111 (1967)). "To establish actual malice, a public figure must prove by clear and convincing evidence that the declarant acted with knowledge of the statement's falsity or in reckless disregard of the statement's truth or falsity." *Id.*

For purposes of libel, a "public figure" is any individual who "voluntarily injects himself or is drawn into a particular public controversy" thereby "engag[ing] the public's attention in an attempt to influence its outcome." *Gertz v. Welch,* 418 U.S. 323, 351–52, 94 S.Ct. 2997, 3012–13, 41 L.Ed.2d 789, 812 (1974). In some cases, the question whether a person is a public figure can be resolved only after an evidentiary hearing. *Rebozo v. Washington Post Co.,* 637 F.2d 375, 379 (5th Cir.1981). However, in the instant case, the facts relating to Rybachek's status as a public figure are uncontroverted. Therefore, the question can be resolved on summary judgment. *See id.*

■ The superior court concluded that Rose Rybachek was a public figure, noting that "[h]er articles appeared in the 'Opinion' section of the News–Miner, and each article contained a disclaimer by the paper that the views expressed by plaintiff did not necessarily represent those of the News–Miner." Given the tone and substance of her column and the fact that Rybachek owned a gold mine herself, the superior court found that the column to which Larry Sutton was responding "was obviously not a detached examination of resource development in Alaska."

We agree that Rybachek is a public figure within the limited range of issues concerning natural resources and mining in Alaska. She has voluntarily injected herself into public controversy with regard to those issues by authoring the biweekly column in the News–Miner, and by serving as director of Alaska Women in Mining, president of the Alaska Miners Association, president of the Livengood/Tolovana Mining District, and editor of the Alaska Miners Association's monthly journal.

Since Sutton's statements about Rybachek fall within this range of issues, Sutton is afforded the first amendment protections which were enunciated in *New York Times.* As a public figure, Rybachek must prove both that the statements made by Sutton were false and that they were made with actual malice before she can recover damages for libel.

## II. EVIDENCE OF ACTUAL MALICE

The actual malice standard is a subjective standard requiring "that the defendant in fact entertain serious doubts as to the truth of his publication." *St. Amant v. Thompson,* 390 U.S. 727, 88 S.Ct. 1323, 1325, 731, 20 L.Ed.2d 262, 267 (1968).

■ The superior court held that Rybachek "produced no proof that defendant believed such statement to be false or that he published it with reckless disregard for its truth or falsity." We agree. The record does not present a genuine issue of material fact on the question of actual malice on the part of Sutton. On the contrary, Sutton stated in his affidavit that he believed that every factual statement made in his letter was true. Prior to writing the letter, Sutton viewed a videotape of Rybachek on location at her mine. In his affidavit, Sutton stated that the videotape showed Rybachek "directing a large stream of water against a silty hillside, with a large stream of very heavily silted effluent flowing directly into ... Wilbur Creek"—a "severe violation of the legal

1. The superior court erred when it incorporated the applicable substantive evidentiary standard —proof by clear and convincing evidence—into the summary judgment standard. In *Moffatt v.*

*Brown,* 751 P.2d 939, 942–44 (Alaska 1988), we held that the substantive evidentiary standard is not to be considered when reviewing a motion for summary judgment in a libel case.

requirements relating to water quality." Sutton also stated that he had been provided with copies of several letters addressed to Rybachek from the Environmental Protection Agency (EPA) and the State Department of Environmental Conservation which suggest that Sutton's statements may have been true.[2]

As we stated in *Moffatt:*

The defendant's testimony that he published the statement in good faith should be sufficient to counter a claim of actual malice when (1) the plaintiff has failed to present conflicting evidence, and (2) the circumstances do not indicate that the statement was "fabricated by the defendant, ... the product of his imagination, ... based wholly on an unverified anonymous telephone call ... [or] so inherently improbable that only a reckless man would have put them in circulation."

751 P.2d at 946 (quoting *St. Amant,* 390 U.S. at 732, 88 S.Ct. at 1326, 20 L.Ed.2d at 268).

We find no indication in the record that Sutton acted with knowledge that his statements were false or in reckless disregard of the statements' truth or falsity. Accordingly, we AFFIRM the judgment of the superior court.

---

**2.** For example, a letter to the Rybacheks from Robert Byrd, director of the water division of the EPA, reads in part:

Based upon field inspections of your placer mining facility during the 1985 mining season and other information available to EPA, it has been determined that you are in violation of

the requirements of the Clean Water Act. Accordingly, EPA has asked the Department of Justice to file a civil action against you in Federal District Court for the District of Alaska. It is expected that the complaint may be filed within the next 45 days.