SCOTT KING *vs.* SHERIFF OF FRANKLIN COUNTY & others.[1] No. 93-P-1705. February 22, 1995. *Sheriff. Limitations, Statute of.*

Construing the plaintiff's complaint as one stating claims for the deprivation of Federal and State constitutional rights in violation of 42 U.S.C. § 1983 (1988), and G. L. c. 12, § 11H and § 11I, and perhaps common law tort claims for assault and battery, the Superior Court judge allowed the defendants' motion for summary judgment on the stated basis that the claims were all controlled by three-year statutes of limitation and were, therefore, time-barred. On appeal, the plaintiff claims that his action was timely commenced under G. L. c. 260, § 3, which, he argues, is the applicable statute of limitation. We affirm the judgment.

General Laws c. 260, § 3, provides: "Actions against sheriffs for the misconduct or negligence of their deputies shall be commenced only within *four* years next after the cause of action accrues" (emphasis supplied). This statute speaks to actions against a sheriff "in the matter of his official responsibility for the default of his deputies," *Sibley* v. *Estabrook*, 4 Gray 295, 296 (1855), and has no possible application to the defendants in this case other than the sheriff. *Id.* at 296-297.

No allegations are directly leveled against the sheriff in the complaint. However, even if the complaint is generously read as implicitly seeking to hold the sheriff accountable for the alleged misdeeds of his employees, the action is nonetheless time-barred under § 3. Section 3 was first enacted at

---

[1]Various named employees of Franklin County who were apparently working at the Massachusetts Correctional Institution at Gardner at all times relevant to the plaintiff's complaint.

a time when most tort actions pertinent to the present issue were subject to a six-year limitation period. As enacted, its purpose was to limit a sheriff's exposure to liability to a shorter period than it would otherwise be for the deputies for whose actions he is being held to answer. To extend the limitation period would, as noted in *Sibley* v. *Estabrook*, 4 Gray at 297, produce the following anomalous result: "[W]hile the servant or agent who was the principal actor, and by reason of whose acts solely the defendant is charged, was wholly discharged by the limitation of . . . [three] years, the superior who becomes responsible merely by his official relation, would be liable for four years. Indirectly, it would operate to deprive the deputy sheriff of the benefit of the . . . [three] years' limitation . . . as he would be answerable over to the sheriff for any damages that might be recovered of him." See also *Alexander* v. *Thompson*, 195 F. 31, 32-33 (6th Cir. 1912); *Trask* v. *Wadsworth*, 78 Me. 336, 337 (1886). We conclude that, in circumstances such as those presented here, which do not involve active default or dereliction of duty on the part of the defendant sheriff, he could avail himself of the same limitation periods which were applicable to the underlying actions against his deputies.

The plaintiff's argument that the three-year limitation periods were tolled by his delayed discovery of his injury warrants no discussion beyond that provided by the judge in his comprehensive memorandum of decision.

*Judgment affirmed.*

The case was submitted on briefs.
*Scott King*, pro se.
*Barry M. Ryan* for the defendants.